IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JULISSA ROBLEDO,                          3:11-CV-00758-BR

      Plaintiff,

                                        OPINION AND ORDER

v.

CARLOS ORELLANA, an
individual doing business as
El Pueblo Mexican Restaurant
and Cantina and EL PUEBLO
MEXICAN RESTAURANT AND
CANTINA,

      Defendants.


JON M. EGAN
240 Sixth Street
Lake Oswego, OR 97034-2931
(503) 697-3427

      Attorney for Plaintiff


BROWN, Judge.

    This matter comes before the Court on Plaintiff's Motion

(#13) for Attorney Fees and Nontaxable Expenses and Plaintiff's

1 - OPINION AND ORDER

Bill of Costs (#14).  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Attorney Fees and awards attorneys' fees to Plaintiff in the amount of **$8,906.45**.  The Court also awards costs to Plaintiff in the amount of **$350.00**.

## BACKGROUND

On June 22, 2011, Plaintiff filed a Complaint in this Court alleging claims for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206, and Oregon's wage-and-hour laws.

Defendants failed to appear, and the Court entered an Order of Default as to both Defendants on October 25, 2011.

On November 21, 2011, the Court entered a Default Judgment in favor of Plaintiff and against Defendants that included an award of reasonable attorneys' fees and costs to be determined by the Court.

On November 23, 2011, Plaintiff filed a Motion for Attorney Fees and Nontaxable Expenses and a Bill of Costs.  Defendants did not file a response to Plaintiff's Motion or Bill of Costs.

## PLAINTIFF'S MOTION (#13) FOR AWARD OF ATTORNEY FEES

Plaintiff seeks $12,660.83 in attorneys' fees and nontaxable costs.

**I.   Plaintiff is entitled to reasonable attorneys' fees.**

In an action against an employer for violation of the FLSA,

2 - OPINION AND ORDER

the Court "*shall*, in addition to any judgment awarded to the plaintiff . . ., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added).

Accordingly, the Court concludes Plaintiff is entitled to reasonable attorneys' fees and costs in this matter.

## II.  Plaintiff is entitled to attorneys' fees in the amount of $8,906.45.

As noted, Plaintiff seeks $12,660.83 in attorneys' fees comprised of $10,185 for 29.1 hours of work performed by Jon Egan, $1,680 for 11.2 hours of work performed by unidentified paralegals, and $421.73 in nontaxable costs.[1]

### A.  Standards.

The Supreme Court recently reiterated under federal fee-shifting statutes such as the FLSA that "the lodestar approach" is "the guiding light" in determining a reasonable fee. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1671-73 (2010)(internal quotation omitted). Under the lodestar method, the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Id.* Although "in extraordinary circumstances" the amount produced by the lodestar calculation may be increased, "there is a strong presumption that the

---

[1] See Exhibit 1

3 - OPINION AND ORDER

lodestar is sufficient." *Id.* at 1669. The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emp. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine the lodestar amount, the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances;(8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002)(quotation omitted). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees.

4 - OPINION AND ORDER

*McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

The lodestar amount is presumed to be the reasonable fee, and, therefore, "'a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been subsumed within the lodestar calculation." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

**B.   Hourly rates for Plaintiff's counsel.**

Egan requests attorney fees at an hourly rate of $350. To determine the reasonable hourly rate, this Court uses the most recent Oregon State Bar Economic Survey published in 2007 as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

To support his request for a rate of $350 per hour, Egan relies on (1) the rates set out in the Oregon State Bar Economic Survey for attorneys in the 95% with 10-12 years of experience; (2) the fact that he has practiced for 11 years and

5 - OPINION AND ORDER

specializes in wage-and-hour cases; and (3) the "Laffey Matrix," which, according to Plaintiff, sets out hourly rates for the Civil Division of the United States Attorney's Office for the District of Columbia.  Plaintiff, however, does not show how the Laffey Matrix relates to attorneys practicing in the District of Oregon or to attorneys in private practice.  In addition, the Court notes the matter here involved straightforward claims for violation of the FLSA and Oregon's wage-and-hour laws, which Defendants failed to defend.  Extensive or even moderate litigation of the matter was not required or necessary.

On this record the Court concludes there is not any justification to award a greater hourly rate than the benchmark set by the 2007 Oregon State Bar Economic Survey adjusted for the four years between publication of the 2007 Oregon State Bar Economic Survey and the resolution of this litigation.  To accomplish such an adjustment, the Court adds annual inflation factors based on the Consumer Price Index of 3.85% for 2008, -0.34% for 2009, 1.64% for 2010, and 3.2% for 2011 to the appropriate Oregon State Bar Survey hourly rate.

Egan had eleven years of experience during the course of this matter.  According to the 2007 Oregon Bar Economic Survey, the median rate for attorneys in the Portland area with this level of experience was $250 in 2007.  The Court, therefore, concludes a reasonable rate for the services of Egan adjusted for

6 - OPINION AND ORDER

inflation as noted above is $272.33 per hour.

### C.  Paralegal hours.

Plaintiff requests 11.2 hours of paralegal time at $150 per hour.  Plaintiff, however, did not provide any information regarding the reasonable hourly rates for paralegals in the Portland area where these individuals worked.  In addition, Plaintiff did not provide any information as to the experience of the paralegals.  Accordingly, the Court reduces to $50 per hour (a minimal rate the Court can support on this scant record) the rate at which fees may be awarded for paralegal time.

### D.  Time expended.

As noted, Plaintiff seeks 29.1 hours in attorney time and 11.2 hours in paralegal time to litigate this matter. Although one might question why more than 40 hours of professional time was necessary to prosecute this defaulted claim, the Court is satisfied the hours were expended, and, therefore, the Court does not reduce this variable in the lodestar calculation.

### E.  Nontaxable expenses.

Plaintiff also seeks $421.73 in nontaxable expenses comprised of costs for postage, photocopying, telephone charges, computerized research, and process services fees, none of which are included in counsel's regular hourly rate.

"Under the Fair Labor Standards Act, costs ['of the

7 - OPINION AND ORDER

action'] include reasonable out-of-pocket expenses." *Van Dyke v. BTS Container Serv., Inc.*, Civil No. 08-561-KI, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009)(citing *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002)). "Costs of the action "can include costs beyond those normally allowed under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920." *Id.* (citing *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988)(FLSA's costs provision authorizes an award of costs as part of a "reasonable attorney's fee," which would not be authorized under Rule 54 or 28 U.S.C. § 1920). Accordingly, the Court also awards $421.73 to Plaintiff in nontaxable expenses.

In summary, the Court awards attorneys' fees to Plaintiff in the total amount of **$8,906.45**.


### PLAINTIFF'S BILL OF COSTS (#14)

Plaintiff requests costs in the amount of $350.00 for the fee to file this action.

I.  **Standards.**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of

8 - OPINION AND ORDER

Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).  *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

## II. Analysis.

The cost of filing this action is specifically allowed under § 1920.  Accordingly, the Court awards costs to Plaintiff in the amount of **$350.00**.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#13) for Attorney Fees and Nontaxable Expenses and Plaintiff's Bill of Costs (#14) and **AWARDS** attorneys' fees to Plaintiff in the amount of **$8,906.45** and costs in the amount of **$350.00**.

IT IS SO ORDERED.

DATED this 7th day of February, 2012.

_____
ANNA J. BROWN
United States District Judge